14 Civ. 1687 (RJS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN LIU, et al.,

Plaintiffs,

vs.

THE NEW YORK CITY CAMPAIGN FINANCE
BOARD, et al.,

Defendants.

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Thomas B. Roberts*
*Tel: (212) 356-0872*
*Matter No. 2014-009885*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................... ii

STATEMENT OF FACTS ................................................................................................ 1

ARGUMENT

        POINT I

                THE STANDARD ON A MOTION FOR
                JUDGMENT ON THE PLEADINGS
                PURSUANT TO RULE 12(c) .................................................. 3

        POINT II

                PLAINTIFFS' FACIAL CHALLENGE TO THE
                INTRODUCTION TO RULE 5-01(f) IS MOOT .................................. 4

        POINT III

                PLAINTIFFS LACK STANDING TO
                CHALLENGE RULE 5-01(f) AS AMENDED ...................................... 5

        POINT IV

                PLAINTIFFS' RIGHTS UNDER THE FIRST
                AMENDMENT ARE NOT VIOLATED ............................................. 6

CONCLUSION ............................................................................................................. 12

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>                                                                                      <u>Pages</u>

*AmeriCredit Fin. Servs. v. Tompkins*,
    604 F.3d 753 (2d Cir. 2010)......................................................................................4

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).................................................................................................4

*Badillo v. New York City Campaign Finance Bd*,
    Sup. Ct. N.Y. County, Index No. 116367/01, August 30, 2001 ...........................10

*Bell Atl. Corp. v. Twombly*
    550 U.S. 554, 570 (2007)........................................................................................4

*Bordell v. General Electric Company*,
    922 F.2d 1057 (2d Cir. 1991)..................................................................................6

*Buckley v. Valeo*,
    424 U.S. 1 (1976)....................................................................................................7

*City of Lakewood v. Plain Dealer Publishing Co.*,
    486 U.S. 750 (1988)............................................................................................7, 8

*County of Los Angeles v. Davis*,
    440 U.S. 625, 99 S. Ct. 1379 (1979).......................................................................4

*DaimlerChrysler Corp. v. Cuno*,
    547 U.S. 332, 126 S. Ct. 1854 (2006).....................................................................5

*Espada 2001 v. New York City Campaign Finance Bd*,
    Sup. Ct. N.Y. County, Index No. 115778/01, September 7, 2001 .........................10

*Field Day, LLC v. County of Suffolk*,
    463 F.3d 167 (2d Cir. 2006)........................................................................8, 10, 11

*First Nationwide Bank v. Gelt Funding Corp.*,
    27 F.3d 763 (2d Cir. 1994),
    *cert. denied*, 513 U.S. 1079 (1995).......................................................................4

*Forsyth County v. Nationalist Movement*,
    505 U.S. 123 (1992)................................................................................................8

*Fox Television Stations, Inc. v. Federal Communications Comm'n*,
    613 F.3d 317 (2d Cir. 2010),
    *vacated on other grounds*, 132 S. Ct. 2307 (2012)................................................8

**Cases**                                                                                        **Pages**

*Goldman v. Belden,*
    754 F.2d 1059 (2d Cir. 1985)...................................................................................4

*Green Party of Conn. v. Garfield,*
    616 F.3d 213 (2d Cir. 2010),
    *cert. denied,* 131 S. Ct. 3090 (2011) ......................................................................7

*Hayden v. Paterson,*
    594 F.3d 150 (2d Cir. 2010)......................................................................................3

*Johnson v. Rowley,*
    569 F.3d 40 (2d Cir. 2009)........................................................................................4

*Johnson v United States,*
    135 S. Ct. 2551 (2015) ..............................................................................................9

*Lamar v. Town of Orchard Park,*
    356 F.3d 365 (2d Cir. 2004)......................................................................................4

*Lujan v. Defenders of Wildlife,*
    504 U.S. 555, 112 S. Ct. 2130 (1992) .......................................................................5

*Lusk v. Village of Cold Spring,*
    475 F.3d 480 (2d Cir. 2007)..................................................................................8, 11

*N.Y. Coastal P'ship, Inc. v. United States Dep't of the Interior,*
    341 F.3d 112 (2d Cir. 2003)......................................................................................6

*Ognibene v. Parkes,*
    671 F.3d 174 (2d Cir. 2011),
    *cert. denied,* 133 S. Ct. 28 (2012) ...........................................................................7

*Ohio Council 8 American Fed. Of State, County,*
    *and Municipal Employees v. Brunner,*
    912 F. Supp. 2d 556 (S.D.Oh. 2012) .......................................................................11

*Ostrom v. O'Hare,*
    160 F. Supp. 2d 486 (E.D.N.Y. 2001) ......................................................................7

*Phelps v. Kapnolas,*
    308 F.3d 180 (2d Cir. 2002)......................................................................................3

*Thomas v. Chicago Park District,*
    534 U.S. 316 (2002)................................................................................................10

**Cases**                                                                                                          **Pages**

*Ward v. Rock Against Racism,*
   491 U.S. 781 (1989)...........................................................................................................8

**Rules**

CFB Rule 3-703(1)(e) ..........................................................................................................5

CFB Rule 5-01(f) ....................................................................1, 3, 4, 5, 6, 7, 8, 9, 10, 11

CFB Rule 5-01(f)(11) ..........................................................................................................9

Fed. R. Civ. P. 12(b)(6).......................................................................................................3

Fed. R. Civ. P. 12(c) .......................................................................................................3, 4

## STATEMENT OF FACTS[1]

In response to the Defendants' Motion to Dismiss (dkt # 27), the Court dismissed all of John Liu and Friends of John Liu's ("Plaintiffs") "as-applied" claims and two of their three facial challenges relating to the New York City Campaign Finance Board's ("CFB" or "Board") determination that Plaintiffs were ineligible for matching funds. (dkt #37)  The only issue to survive the Motion to Dismiss was Plaintiffs' facial challenge to the catch-all provision in the introduction to CFB Rule 5-01(f).  Although the CFB did not rely upon that provision in making its determination of Plaintiffs' ineligibility, the relaxed standing requirements applicable to facial First Amendment challenges to governmental regulations permitted the Court to review the introduction to Rule5-01(f) and deny the motion to dismiss with regard to Plaintiffs' overbreadth challenge to the catch-all phrase.  See March 31, 2015 Opinion and Order at pp. 14 – 19.

In response to the Court's Opinion and Order, the Defendants filed an answer (dkt # 40), and on August 13, 2015, CFB amended the introduction to Rule 5-01(f).  (Declaration of Thomas B. Roberts, dated October 2, 2015 ("Roberts Decl.") ¶ 5).  Specifically, the CFB eliminated the six-word phrase "include, but are not limited to," reordered certain subsections of the rule, and narrowed the CFB's discretion to find a campaign ineligible for public funds.  The amended rule went into effect on September 21, 2015. (Roberts Decl. ¶ 7)  Rule 5-01(f) as now in effect provides as follows:

---

[1] For purposes of this motion alone, the facts alleged in the complaint shall be treated as if true. Defendants also respectfully incorporate by reference the "Statement of Facts" and the discussion entitled "The CFB and Enforcement of the Campaign Finance Act" set forth in Defendants' Memorandum of Law in Support of Their Motion to Dismiss, dated May 15, 2014 (dkt # 29, pp. 2-10).  Accordingly, Defendants do not restate herein the facts concerning the structure of the CFB, the violations of federal law committed by the Plaintiffs' campaign treasurer, the actions CFB took concerning the Liu Campaign in 2013, or the appeal procedure that was available to the Plaintiffs to challenge CFB's determination that Plaintiffs were ineligible to receive matching funds.

(f) **Basis for ineligibility determination**.   The Board may determine that public funds shall not be paid to a participant if:

(1) the participant has failed to meet one of the eligibility criteria of the Act or these Rules;

(2) the participant is required to repay public funds previously received, as described in Rule 5-03, or the participant has failed to pay any outstanding claim of the Board for the payment of civil penalties or the repayment of public funds against such participant or his or her principal committee or a principal committee of such participant from a prior covered election, provided that the participant has received written notice of the potential payment obligation and potential ineligibility determination in advance of the certification deadline for the current covered election or an opportunity to present reasons for his or her eligibility for public funds to the Board;

(3) the participant fails to submit a disclosure statement required by these rules;

(4) the participant fails to provide to the Board, upon its request, documents or records required by Chapter 4 of these rules, or other information that verifies campaign activity;

(5) previous public fund payments to the participant for the election equal the maximum permitted by the Act;

(6) the participant fails to file the receipt indicating compliance with §12-110 of the Code, as required pursuant to §3-703(1)(m) of the Code and Rule 3-11;

(7) the participant endorses or publicly supports his or her opponent for election pursuant to §3-705(9) of the Code;

(8) the participant loses in the primary election but remains on the ballot for the general election and fails to certify to the Board, as required by §3-705(10) of the Code, that he or she will actively campaign for office in the general election, or the participant certifies to the Board that he or she will actively campaign for office in the general election but thereafter fails to engage in campaign activity that shall include but not be limited to, raising and spending funds, seeking endorsements, and broadly soliciting votes;

(9) there is reason to believe that the participant or an agent of the participant has committed a violation of the Act or these Rules;

- 2 -

(10) the participant or an agent of the participant has been found by the Board to have committed fraud in the course of Program participation or to be in breach of certification pursuant to Rule 2-02; or

(11) there is reason to believe that the participant or an agent of the participant has engaged in conduct detrimental to the Program that is in violation of any other applicable law.

(Roberts Decl. Exhibit C)

Defendants now move pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings, dismissing the remaining claim. The amendment eliminates the issue of whether the catch all phrase in the introduction to CFB Rule 5-01(f) may have vested too much discretion in the CFB, and therefore mandates dismissal on the basis of mootness of the sole claim to survive the Motion to Dismiss. Moreover, Plaintiffs have made no allegation that Mr. Liu will run for municipal office in the future, and therefore they lack standing to challenge the legality of the revised Rule 5-01(f). Even if Plaintiffs had standing, their remaining claim would fail as a matter of law because the revised Rule 5-01(f) properly constrains the discretion of the CFB to deny public funding to a campaign.

## ARGUMENT

### POINT I

### THE STANDARD ON A MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO RULE 12(c)

In considering a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), the Court applies the same analysis applicable to Rule 12(b)(6) motions, *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010), and must "accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Phelps v. Kapnolas*, 308 F.3d 180, 184 (2d Cir. 2002) (internal quotes omitted). The Court is "not to

weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). The *Iqbal* standard also applies to Rule 12(c) motions, *Johnson v. Rowley*, 569 F.3d 40, 43-44 (2d Cir. 2009), and therefore to survive a motion for judgment on the pleadings "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Moreover, a Court may not take as true "conclusions of law or unwarranted deductions of fact." *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994) (citation omitted), *cert. denied*, 513 U.S. 1079 (1995).

### POINT II

### PLAINTIFFS' FACIAL CHALLENGE TO THE INTRODUCTION TO RULE 5-01(f) IS MOOT

The challenged language in the introduction to Rule 5-01(f), the phrase "include, but are not limited to," has been repealed.  Accordingly, the Court cannot grant effective relief concerning that language, and Plaintiffs' challenge to the superseded language is moot and must be dismissed. *County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S. Ct. 1379 (1979) ("a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome"); *AmeriCredit Fin. Servs. v. Tompkins*, 604 F.3d 753, 755 (2d Cir. 2010)(same); *Lamar v. Town of Orchard Park*, 356 F.3d 365, 375-79 (2d Cir. 2004) (First Amendment challenge mooted by amendment to ordinance).

Plaintiffs have not filed an amended complaint challenging the amended version of Rule 5-01(f), and any challenge to its constitutionality is therefore not before the Court. *Lamar v. Town of Orchard Park*, 356 F.3d 365, 375-79 (2d Cir. 2004) (First Amendment challenge to ordinance amended during litigation "not properly before us as Lamar never

- 4 -

amended its complaint below to include claims against the amended Ordinance.")  Accordingly, judgment on the pleadings must be granted to Defendants dismissing the complaint.

### POINT III

### PLAINTIFFS LACK STANDING TO CHALLENGE RULE 5-01(f) AS AMENDED

Even if Plaintiffs attempted to amend the complaint, judgment for Defendants is appropriate because Plaintiffs lack standing to challenge Rule 5-01(f) in its amended form. Plaintiffs make no allegation in the complaint that Mr. Liu plans to run for municipal office in the future, noting  only that such a run is a possibility. (Complaint ¶ 183)  It is therefore completely speculative whether Mr. Liu would ever be subject to the CFB's amended Rule 5-01(f).[2]  Therefore, even under the more relaxed standing requirements for overbreadth challenges discussed more fully below, Plaintiffs lack standing to challenge the revised Rule 5-01(f).

It is well settled that "a plaintiff must demonstrate standing for each claim he seeks to press." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 126 S. Ct. 1854, 1867 (2006). Accordingly, the Court must evaluate the Plaintiffs' standing to assert each claim independently. In addition, the Supreme Court has held that "[t]he irreducible minimum of standing contains three elements.  First, the plaintiff must have suffered an injury in fact ... which is concrete and particularized ... and actual or imminent, not conjectural or hypothetical.  Second, there must be a causal connection between the injury and the conduct complained of ....  Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130 (1992).  *See also, N.Y. Coastal P'ship, Inc. v. United States Dep't of the Interior,* 341 F.3d 112, 116 (2d Cir.

---

[2] Under CFB Rule 3-703(1)(e), Mr. Liu would need to establish a new campaign committee for any future elections.  Accordingly, the Friends of John Liu can never be subject to the revised Rule 5-01(f).

- 5 -

2003) ("it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."). Significantly, even under the more permissive standing requirements applied to First Amendment overbreadth challenges, the Second Circuit has made clear that plaintiffs are not relieved of the requirement to demonstrate injury in fact. *Bordell v. General Electric Company,* 922 F.2d 1057, 1061 (2d Cir. 1991) (the overbreadth doctrine "does not affect the rigid constitutional requirement that plaintiffs must demonstrate an injury in fact to invoke a federal court's jurisdiction ... .").

Here, the Court has held that the denial of matching funds in 2013 constituted a sufficient injury in fact to permit Plaintiffs to challenge the catch-all phrase in the introduction to CFB Rule 5-01(f) as it existed during that election. However, that does not confer upon Plaintiffs standing in perpetuity. As to amended Rule 5-01(f), it is completely speculative whether Mr. Liu will ever be injured in fact by the revised Rule because there is no allegation in the Complaint stating that he will again run for office. Having never been subject to amended Rule 5-01(f), and having failed to allege facts demonstrating a likelihood of being subjected to it in the future, Plaintiffs fail to demonstrate the injury in fact necessary to confer standing. Plaintiffs' challenge, to the extent one is deemed asserted, to amended Rule 5-01(f) should therefore be rejected on standing grounds.

### POINT IV

### PLAINTIFFS' RIGHTS UNDER THE FIRST AMENDMENT ARE NOT VIOLATED

Even if the Plaintiffs somehow have standing to challenge the revised Rule 5-01(f), the case must be dismissed. Plaintiffs previously contended that the Board's determination to withhold matching funds from Plaintiffs constituted a prior restraint and cited a series of prior restraint cases as controlling. Any CFB decision to deny matching funds, however, is

fundamentally different from a decision suppressing speech.  There is no constitutional right to public campaign financing and a decision of the CFB to withhold public funding does not limit a candidate's right to speak in support of his or her candidacy.  Accordingly, a denial of matching funds is subject to a lesser – intermediate - level of scrutiny.  *Buckley v. Valeo*, 424 U.S. 1, 85–108 (1976); *Green Party of Conn. v. Garfield*, 616 F.3d 213, 224-42 (2d Cir. 2010), *cert. denied,* 131 S. Ct. 3090 (2011).  To defeat a claim that action taken under the Campaign Finance Act and its implementing regulations restrained speech, the CFB need only show that its action was "closely drawn to address a sufficiently important government interest." *Ognibene v. Parkes*, 671 F.3d 174, 193 (2d Cir. 2011), *cert. denied,* 133 S. Ct. 28 (2012); *see also*, *Ostrom v. O'Hare*, 160 F. Supp. 2d 486, 494 (E.D.N.Y. 2001) (intermediate scrutiny applied in upholding the CFB's denial of matching funds to a candidate for City Council).

The amended Rule 5-01(f) satisfies the requirements of intermediate scrutiny because it advances significant and important governmental interests by enforcing compliance with the Campaign Finance Act and the CFB's rules, by preserving the public fisc from fraud, and by ensuring that the CFB is not perceived by the public as tolerating or otherwise countenancing corruption.  Each of these interests justifies the Board's power to withhold public funding under the revised Rule 5-01(f).

Moreover, any facial challenge to the revised Rule 5-01(f) that Plaintiffs might advance on a theory that the rule permits the CFB unbridled discretion must also be rejected.  In *City of Lakewood v. Plain Dealer Publishing Co.*, 486 U.S. 750 (1988), the Supreme Court justified permitting First Amendment facial challenges to statutes on two rationales: (i) the official's unfettered discretion, coupled with the power of prior restraint, might intimidate an applicant to self-censor, and (ii) the "absence of express standards" could make it difficult for a

court to determine whether adverse regulatory action constituted permissible denial or impermissible censorship.     486 U.S. at 757-59.     The Second Circuit has consistently acknowledged these two rationales. *Fox Television Stations, Inc. v. Federal Communications Comm'n*, 613 F.3d 317, 328 (2d Cir. 2010), *vacated on other grounds*, 132 S. Ct. 2307 (2012); *Lusk v. Village of Cold Spring*, 475 F.3d 480, 494 (2d Cir. 2007); and *Field Day, LLC v. County of Suffolk*, 463 F.3d 167, 179 (2d Cir. 2006).

*Lakewood's* concern about self-censorship is inapplicable to this case.     The revised Rule 5-01(f) is sufficiently clear, objective, and content-neutral so as to cabin the exercise of discretion and cannot result in a prior restraint, thereby eliminate any reasonable risk of self-censorship.     Indeed, Plaintiffs previously did not try to argue that a candidate might engage in self-censorship due to Rule 5-01(f) and instead based their First Amendment claim entirely upon an alleged violation of the "absence of express standards" rationale articulated in *Lakewood*.  This argument, however, is also unavailing.

To determine the scope of the CFB's discretion and whether there is an absence of express standards, the Court must look both to the words of the revised Rule 5-01(f) and to any authoritative construction of the rule by New York's courts or by the CFB itself. *See Ward v. Rock Against Racism*, 491 U.S. 781, 795-96 (1989) ("Administrative interpretation and implementation of a regulation are, of course, highly relevant to our analysis, for '[i]n evaluating a facial challenge to a state law, a federal court must … consider any limiting construction that a state court or enforcement agency has proffered.'" (citations omitted)); *Forsyth County v. Nationalist Movement*, 505 U.S. 123, 131 (1992) (same); and *Field Day LLC v. County of Suffolk*, 463 F.3d 167, 176 (2d Cir. 2006) (same).

Here, the words and interpretations of the revised Rule 5-01(f) circumscribe the CFB's discretion to deny eligibility and provide express standards for judicial review.   The "catch-all" phrase in the introduction to Rule 5-01(f) has been removed and a new provision – Rule 5-01(f)(11) – has been added that provides that the Board may deny matching funds where "there is reason to believe that the participant or an agent of the participant has engaged in conduct detrimental to the Program that is in violation of any other applicable law."   The new provision sets forth objective criteria and provides express standards for review.   To find a violation under this provision, the Board must find reason to believe both that a campaign has engaged in conduct that is detrimental to the Board's matching funds Program and that such conduct is in violation of "any other" applicable law – that is, a law other than the Campaign Finance Act.   Significantly, the Board is not authorized to deny eligibility based on a prediction of a campaign's future conduct, the basis on which governmental parade permit and licensing ordinances have been invalidated as prior restraints.   Here, the Board's discretion is necessarily narrow and limited by its assessment of a candidate's past conduct. [3]

Equally, the Board's explanation of its recent revisions to Rule 5-01(f) evidence the limited authority granted by Rule 5-01(f)(11).   The Board explained:

> The Board proposes to make two changes to [Rule 5-01(f)], which governs the basis for a determination of public funds ineligibility. First, it proposes to remove the phrase "for reasons that include, but are not limited to" from the introduction to this section. Second, the Board proposes to add one criterion to the end of the list of grounds upon which the Board may base a determination that a candidate is ineligible to receive public funds. **The new criterion would render a candidate potentially ineligible if there is reason to believe that participating candidate, or that candidate's agent, has engaged in conduct detrimental to the**

---

[3] In its most recent term, the Supreme Court focused upon the importance of tying determinations to "real-world facts" as a method of limiting judicial discretion and protecting a statute from becoming unconstitutionally vague. *Johnson v United States*, 135 S. Ct. 2551, passim (2015).

> **Program that is in violation of any applicable law not otherwise referenced in the rule. This change is intended to clarify that a "catch-all provision" is included to capture egregious conduct whose specific elements are not described elsewhere in the list,** but that would nonetheless provide sufficient justification for the Board to determine that the participant who engaged in such conduct, or whose agent engaged in such conduct, is ineligible to receive public funds.

(Roberts Decl. Exhibit A, p. 2) (emphasis added).  The conduct must be (i) egregious, (ii) detrimental to the program, and (iii) in violation of another applicable law.  Thus, the CFB's interpretation of its own Rule confirms that its exercise of discretion in this area is limited, and provides no room for the Board to deny eligibility for matching funds on pretextual grounds masking official disfavor.  Moreover, the Board's recognition of such limitations on its power to declare a campaign ineligible for matching funds is consistent with the decisions of the New York Courts.  *See Badillo v. New York City Campaign Finance Bd*, Sup. Ct. N.Y. County, Index No. 116367/01, August 30, 2001 (ineligibility may not be based upon *de minimis* violations) (Exhibit A to Defendants' July 2, 2014 Reply Memorandum of Law, dkt # 34); and *Espada 2001 v. New York City Campaign Finance Bd*, Sup. Ct. N.Y. County, Index No. 115778/01, September 7, 2001 (expressing doubt that ineligibility could be based upon "a few limited improprieties") (Exhibit A to Defendants' May 15, 2014 Memorandum of Law, dkt. # 29).

Regulations like the revised Rule 5-01(f) are constitutional because they "contain adequate standards to guide the official's decision and render it subject to effective judicial review" and "are reasonably specific and objective, and do not leave the decision 'to the whim of the administrator.'" *Thomas v. Chicago Park District*, 534 U.S. 316, 323-24 (2002).  In addition, since *Thomas,* the Second Circuit has rejected facial challenges to a statute containing a non-exclusive list of reasons for denying a mass gathering permit where the non-exclusive list was constrained by reasonably precise criteria.  *Field Day LLC v. County of Suffolk*, 463 F.3d 167,

178 (2d Cir. 2006) ("Because we determine that the phrases 'health and safety' and 'life or health' are capable of guiding a permitting official's decision and rendering that decision subject to effective judicial review, we hold that the 'catch-all provisions' of the Mass Gathering Law and Sanitary Code are constitutional on their face."); *see also*, *Lusk v. Village of Cold Spring*, 475 F.3d 480, 484 (2d Cir. 2007) (rejecting facial challenge to architectural permit ordinance that conditioned the posting of signs on such broad factors as the "general design, character and appropriateness to the property of the proposed alteration or new construction"). Consistent with this, statutes and regulations that incorporate the phrase "other applicable laws" have survived facial overbreadth challenges. S*ee e.g.*, *Field Day, LLC v. County of Suffolk*, 463 F.3d 167, 173 (2d Cir. 2006) (rejecting facial challenge to statute authorizing the issuance of mass gathering permits conditioned upon "full compliance with the sanitary code and other applicable law,..."); and *Ohio Council 8 American Fed. Of State, County, and Municipal Employees v. Brunner*, 912 F. Supp. 2d 556, 559 (S.D.Oh. 2012) (rejecting facial challenge to Judicial Code provision limiting campaign solicitations that made the judicial candidate responsible for compliance "with applicable provisions of this Code and other applicable law."). Accordingly, there is no basis for an overbreadth challenge to the revised Rule 5-01(f).

**CONCLUSION**

        For the foregoing reasons, the Court should grant the Defendants judgment on the

pleadings, and the complaint should be dismissed in its entirety.

Dated:       New York, New York
               October 1, 2015

                                ZACHARY W. CARTER
                                Corporation Counsel of the
                                  City of New York
                                *Attorney for Defendants*
                                100 Church Street, Room 2-110
                                New York, New York 10007
                                Phone: 212 356 0872

                                By:
                                Thomas B. Roberts
                                Assistant Corporation Counsel