14 Civ. 1687 (RJS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN LIU, et al.,

                              Plaintiffs,

vs.

THE NEW YORK CITY CAMPAIGN FINANCE
BOARD, et al.,

                              Defendants.

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Thomas B. Roberts*
*Tel: (212) 356-0872*
*Matter No.: 2014-009885*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT

      POINT I

            PLAINTIFFS' FACIAL CHALLENGE TO THE
            INTRODUCTION TO RULE 5-01(F) IS MOOT ................................... 1

      POINT II

            PLAINTIFFS LACK STANDING TO
            CHALLENGE RULE 5-01(F) AS AMENDED ..................................... 8

CONCLUSION ............................................................................................................................ 9

# TABLE OF AUTHORITIES

**Cases**                                                                                                                         **Pages**

*American Freedom Defense Initiative v. Metropolitan Transportation Authority,*
    2015 W.L. 3797651 (S.D.N.Y. June 19, 2015) ...................................................................... 3, 7

*AmeriCredit Fin. Servs. v. Tompkins,*
    604 F.3d 753 (2d Cir. 2010) ........................................................................................................ 2

*Atkins v. New York City,*
    143 F.3d 100 (2d Cir. 1998) ........................................................................................................ 7

*City of Lakewood v. Plain Dealer Publishing Co.,*
    486 U.S. 750 (1988) .................................................................................................................... 5

*College Standard Magazine v. Student Association of the State University of New
York at Albany,*
    610 F.3d 33 (2d Cir. 2010) .......................................................................................................... 7

*County of Los Angeles v. Davis,*
    440 U.S. 625 (1979) ................................................................................................................ 1-2

*Diesel v. Town of Lewisboro,*
    232 F.3d 92 (2d Cir. 2000) .......................................................................................................... 8

*Field Day LLC v. County of Suffolk,*
    463 F.3d 167 (2d Cir. 2006) ........................................................................................................ 6

*Forsyth County v. Nationalist Movement,*
    505 U.S. 123 (1992) .................................................................................................................... 6

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,*
    528 U.S. 167 (2000) .................................................................................................................... 2

*Granite State Outdoor Advertising, Inc. v. Town of Orange,*
    303 F.3d 450 (2d Cir. 2002) ................................................................................................... 3, 7

*Harrison & Burrowes Bridge Constructors, Inc. v. Cuomo,*
    981 F.2d 50 (2d Cir. 1992) .......................................................................................................... 3

*Lamar v. Town of Orchard Park,*
    356 F.3d 365 (2d Cir. 2004) ..................................................................................... 2, 3, 6, 7, 8

*Liu v. New York City Campaign Finance Board,*
    14 cv 1687 (March 31, 2015 S.D.N.Y.) dkt # 37 ..................................................................... 5, 7

*Utah Animal Rights Coalition v. Salt Lake City Corp.,*
    371 F.3d 1248 (10th Cir. 2004) ................................................................................................... 7

| **Cases** | **Pages** |
|---|---|
| *Ward v. Rock Against Racism*, 491 U.S. 781 (1989) | 6 |

**Regulations**

| | |
|---|---|
| CFB Rule 5-01 | 8 |
| CFB Rule 5-01(f) | 1, 3, 4, 5, 8, 9 |
| CFB Rule 5-01(f)(2) | 5 |
| CFB Rule 5-01(f)(11) | 4, 5, 6, 8 |

## PRELIMINARY STATEMENT

Defendants' motion seeks to end plaintiffs' facial challenge to a six word catch-all phrase in the introduction to New York City Campaign Finance Board's ("CFB" or "Board") Rule 5-01(f). CFB never applied the challenged phrase to plaintiffs; apparently has never used the catch-all to deny matching funds to any campaign; and has repealed the challenged phrase. Accordingly, the Court cannot enjoin the implementation of the catch-all, and a declaration that the catch-all was unconstitutional would be an advisory opinion. Moreover, no damages can be awarded to the plaintiffs, nominal or otherwise, because the Board's decision that plaintiffs challenge – the determination that plaintiffs were ineligible to receive matching funds – has been upheld on other grounds. In addition, it is purely speculative whether plaintiff John Liu will ever run for municipal office in the future. Thus, no injury can be redressed by opining upon the legality of the repealed catch-all, and declaring the catch-all to have been unconstitutional can have no impact upon the rights or obligations of the parties going forward. This phase of the litigation presents a purely academic question. Even under the relaxed standards applicable to First Amendment facial challenges, plaintiffs' challenge to the repealed catch-all fails to present a justiciable question, and the claim must be dismissed.

## ARGUMENT

### POINT I

#### PLAINTIFFS' FACIAL CHALLENGE TO THE INTRODUCTION TO RULE 5-01(f) IS MOOT

CFB has repealed the challenged language in the introduction to Rule 5-01(f): the phrase "include, but are not limited to." Due to this repeal, the Court cannot grant effective relief concerning the catch-all phrase; plaintiffs' challenge to the superseded language is moot; and the Court should exercise its discretion to dismiss the complaint. *County of Los Angeles v. Davis*,

440 U.S. 625, 631, 99 S. Ct. 1379 (1979) ("a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome"); *AmeriCredit Fin. Servs. v. Tompkins*, 604 F.3d 753, 755 (2d Cir. 2010) (same); *Lamar v. Town of Orchard Park*, 356 F.3d 365, 375-79 (2d Cir. 2004) (facial First Amendment challenge mooted by amendment to ordinance).

Plaintiffs seek to escape this conclusion by asserting that the Board has failed to demonstrate that its allegedly illegal conduct will not recur, citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). *See also*, *Lamar v. Town of Orchard Park*, 356 F.3d 365, 375 ("The voluntary cessation of allegedly illegal conduct usually will render a case moot 'if the defendant can demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" (citations omitted)). Plaintiffs' contention that the CFB will apply the catch-all in the future must be rejected for several reasons. First, CFB has never engaged in "allegedly illegal conduct" in reliance upon the challenged catch-all. CFB had no practice of finding campaigns ineligible for matching funds based upon the catch-all phrase. Research has not located, and plaintiffs have failed to identify, any prior determination of the CFB – including plaintiffs' – in which the Board has relied upon the catch-all as a basis for a finding of ineligibility. Unlike the situation in *Friends of the Earth* and its progeny, where the defendant had been actively pursuing an allegedly illegal course of conduct and had business reasons to reestablish its challenged conduct in the future, here CFB has never relied upon or invoked the catch-all. The CFB certainly has no reason to adopt a course of future conduct that it never had occasion to implement in the past.

Second, the CFB has gone through the full process of formally amending the rule to repeal the challenged language, and there is no reasonable expectation that the alleged violation will recur.[1] As the language in question is contained in a rule rather than a statute, it was appropriate for its language to be changed through regulatory (rather than legislative) procedures,[2] and formal regulatory changes are entitled to deference when determining whether voluntary cessation moots a case. *See Granite State Outdoor Advertising, Inc. v. Town of Orange*, 303 F.3d 450, 451-52 (2d Cir. 2002) (amendment of regulation mooted challenge to regulations concerning signs); *American Freedom Defense Initiative v. Metropolitan Transportation Authority*, 2015 W.L. 3797651, (S.D.N.Y. June 19, 2015) (same). The CFB is entitled to equal deference when it represents – as it does here and now – that CFB will not rely in the future upon the repealed catch-all phrase when making determinations concerning ineligibility for matching funds and that CFB has no plans to change the regulation back to reestablish the catch-all. The Court should follow the guidance in *Lamar v. Town of Orchard Park*, 356 F.3d at 377, where the Circuit observed that "we are hesitant to hold that a significant amendment or repeal of a challenged provision that obviates the plaintiff's claims does not moot a litigation, absent evidence that the defendant intends to reinstate the challenged statute after the

---

[1] Plaintiffs strangely complain that the CFB approved the amendments to Rule 5-01(f) at a meeting that was not of long duration. As there was no opposition to the adoption of the proposed amendments at the CFB's meeting, which was held after proper notice and publication to the public, the CFB adopted the amendments without extensive discussion. Had plaintiffs' opposed the proposed rule at the meeting, the CFB would have heard and considered plaintiffs' opposition. Hearing no opposition, the CFB acted.

[2] Plaintiffs' contention at p. 10 of their memorandum that *Lamar* limits deference to legislative action is wrong. In *Lamar*, then Judge Sotomayor quoted *Harrison & Burrowes Bridge Constructors, Inc. v. Cuomo*, 981 F.2d 50, 59 (2d Cir. 1992) for the proposition that deference must be given to governmental representations that conduct has been discontinued. In *Harrison & Burrowes* that representation came in the form of the State's adoption of an emergency regulation. 981 F.2d at 58-59.

litigation is dismissed, or that the municipality itself does not believe that the amendment renders the case moot." There is no evidence that CFB intends to reinstate the catch-all or that CFB does not believe that the repeal of the catch-all renders the case moot. As CFB never relied upon the catch-all in the past, its representation that it will not rely upon or reenact the catch-all in the future certainly warrants credence.

Third, CFB has significantly changed the regulation. The CFB has repealed the entire portion of the introduction to Rule 5-01(f) that was challenged. Moreover, the CFB has replaced the challenged catch-all with language that narrowly confines the CFB's discretion to find a campaign ineligible for a reason not enumerated in the other subsections of Rule 5-01(f). Previously, in the motion to dismiss, defendants essentially argued that the doctrine of *ejusdem generis* sufficiently cabined the CFB's discretion under the catch-all phrase to survive constitutional attack. The new Rule 5-01(f)(11), however, contains its own limitations, and the CFB need not rely upon *ejusdem generis* to establish that CFB's discretion is now properly cabined. Under the newly adopted Rule 5-01(f)(11), an unenumerated basis for ineligibility is not even arguably left to the CFB's unfettered discretion but instead must constitute egregious conduct detrimental to the CFB's Program that violates another applicable law. This covers serious violations of city, state or federal campaign and election laws that are detrimental to the CFB's Program, such as accepting illegal campaign contributions from foreigners. Campaigns need not worry that they will be found ineligible for matching funds because of double parking (a violation that is neither egregious, detrimental to the CFB's Program, nor a violation of another applicable law). But the CFB could find a campaign ineligible if the candidate engaged

in egregious conduct that occurred during a pending campaign,[3] that was detrimental to the Program, and that violates an applicable criminal or civil law. This hardly constitutes a grant of unbridled discretion. To use plaintiffs' hypothetical, murdering the chairperson of the CFB is an egregious breach of law that is likely to be detrimental to the operation of CFB's Program, and the CFB would therefore be justified in declaring the campaign ineligible for matching funds. The commission of crimes and violations directed against the CFB's Program is a limited sphere of conduct that enjoys no First Amendment protection, and there is no facial violation of the First Amendment in the CFB adopting a regulation that permits it to act in such limited circumstances.

Put another way, plaintiffs' efforts to equate the new Rule 5-01(f)(11) with the repealed introduction to Rule 5-01(f) must be rejected. The scope of misconduct warranting a finding of ineligibility is far narrower under the new Rule than in its predecessor provision. Few types of conduct are covered by the new Rule 5-01(f)(11), and the new Rule will neither chill the lawful conduct of campaigns nor permit the CFB unbridled discretion to declare a campaign ineligible, the two factors justifying facial challenges under *City of Lakewood v. Plain Dealer Publishing Co.*, 486 U.S. 750, 757-59 (1988). Unlike the old catch-all, which the Court held was open to an interpretation affording the CFB excessive discretion to find campaigns ineligible for matching funds, *Liu v. New York City Campaign Finance Board*, 14 cv 1687 (March 31, 2015 S.D.N.Y.) Slip Op. at 16-19, dkt # 37, the phrase "detrimental to the Program that is in violation of any other applicable law" severely limits the conduct that can justify a finding of ineligibility.

---

[3] Plaintiffs' assertion that the new Rule 5-01(f)(11) is not limited in time (Plaintiff's Memo at 19, n.15, dkt #56) is wrong. First, the new provisions in Rule 5-01(f) do not have retroactive effect. Second, the enumerated provisions of the new Rule 5-01(f) apply only to the conduct of a current campaign, except for Rule 5-01(f)(2), which expressly obligates candidates to pay funds owed to the CFB from prior campaigns. Thus, conduct that occurred prior to the current campaign is relevant only to determining the campaign's payback obligations under Rule 5-01(f)(2), but has no relevance in determining a campaign's eligibility under new Rule 5-01(f)(11).

The conduct must be both detrimental to the Program and violative of other applicable law. In addition, such conduct must be egregious. The term "egregious" is found in the "Explanation, Basis, and Purpose" section of the Notice of Final Rules adopting the new rule. (Roberts Decl. of Oct. 1, 2015, Exh. B, dkt #54) The "Explanation, Basis, and Purpose" is the official interpretative statement of the new rule and is entitled to deference. *See Ward v. Rock Against Racism*, 491 U.S. 781, 795-96 (1989) ("Administrative interpretation and implementation of a regulation are, of course, highly relevant to our analysis, for '[i]n evaluating a facial challenge to a state law, a federal court must ... consider any limiting construction that a state court or enforcement agency has proffered.'") (citations omitted); *Forsyth County v. Nationalist Movement*, 505 U.S. 123, 131 (1992) (same); and *Field Day LLC v. County of Suffolk*, 463 F.3d 167, 176 (2d Cir. 2006) (same). Plaintiffs' assertion that the "Explanation, Basis, and Purpose" constitutes a "press release" unworthy of deference (plaintiffs' Memo p. 20, dkt # 56) is inaccurate and of a piece with plaintiffs' refusal to read the limitations in the new Rule 5-01(f)(11) in conjunction with each other and to acknowledge the material limitations that have been imposed upon CFB's power to find a campaign ineligible for unenumerated reasons.

In sum, the two-part test set forth in *Lamar* has been satisfied. There is no likelihood that the catch-all will be utilized in the future, and because the catch-all was never used in the past, the repeal "irrevocably eradicated the effects of the alleged violation." Accordingly, the challenge to the catch-all should be dismissed as moot.

Beyond this, the challenge to the catch-all is not saved by the possibility of nominal damages. The complaint does not seek nominal damages, and even if it did, nominal damages could not render the challenge to the catch-all justiciable because nothing is at stake concerning the legality of the repealed catch-all phrase. As well explained by Judge McConnell

in his concurrence in *Utah Animal Rights Coalition v. Salt Lake City Corp.*, 371 F.3d 1248, 1262-71 (10th Cir. 2004), holding that nominal damages alone makes a facial challenge justiciable would mean that facial challenges are exempt from the mootness doctrine. But *Lamar v. Town of Orchard Park*, 356 F.3d 365 (2d Cir. 2004) and other Second Circuit cases hold that the mootness doctrine applies to facial challenges. *See e.g.*, *College Standard Magazine v. Student Association of the State University of New York at Albany*, 610 F.3d 33, 35 (2d Cir. 2010); *Granite State Outdoor Advertising, Inc. v. Town of Orange*, 303 F.3d 450, 451-52 (2d Cir. 2002); and *American Freedom Defense Initiative v. Metropolitan Transportation Authority*, 2015 W.L. 3797651 (S.D.N.Y. June 19, 2015). These cases teach that voluntary cessation moots a case when "(1) there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Lamar v. Town of Orchard Park*, 356 F.3d at 375. This test would be rendered meaningless if nominal damages sufficed to make an otherwise moot facial challenge justiciable.

Moreover, on this record, plaintiffs cannot be awarded nominal damages. Plaintiffs' only alleged injury is that they were found ineligible for matching funds. But the Court has already determined that CFB was justified in finding plaintiffs ineligible. *Liu v. New York City Campaign Finance Board*, 14 cv 1687 (March 31, 2015 S.D.N.Y.) Slip Op. at 10, dkt # 37. Thus, plaintiffs cannot tie their injury to a violation of their legal rights. In facial challenges, plaintiffs are permitted to assert constitutional challenges without applying for or being denied a benefit because courts presume injury. *Atkins v. New York City*, 143 F.3d 100,103 (2d Cir. 1998). But where the court has determined that the plaintiffs' legal rights have not been violated, even nominal damages should not be awarded. *See College Standard Magazine v. Student Association of the State University of New York at Albany*, 610 F.3d at 35

(because the as-applied challenge had been conceded to be meritless, no damages could be awarded); and *Diesel v. Town of Lewisboro*, 232 F.3d 92, 108 (2d Cir. 2000) ("where (as here) the defendants have met their burden under *Mount Healthy* of proving that the adverse action would have occurred in the absence of the protected conduct, there is no liability. ... Absent liability, damages -- nominal, compensatory or punitive -- are unavailable.") (citations omitted). Stated another way, plaintiffs are precluded from claiming that they could have been harmed by the wrongful application of the catch-all phrase because this Court has previously held that the denial of matching funds was fully justified.

Federal courts are not academic debating societies whose mission is to determine whether rescinded regulations were constitutional. Nothing is gained or lost by resolving the issue plaintiffs press upon the Court, and the Court should exercise its discretion to dismiss the remaining contention on the basis of mootness.[4]

### POINT II

### PLAINTIFFS LACK STANDING TO CHALLENGE RULE 5-01(f) AS AMENDED

Plaintiffs have not amended the complaint and therefore have not properly raised the issue of the legality of the new Rule 5-01(f)(11). *See Lamar v. Town of Orchard Park*, 356 F.3d at 378 ("As Lamar never made a motion to amend its complaint to the district court, none of its claims pertaining to the amendments are properly before us.") However, even if plaintiffs attempted to amend the complaint, such a motion must be denied because plaintiffs lack standing

---

[4] Plaintiffs' contention that CFB's current audit of plaintiffs' mayoral campaign makes the challenge to the catch-all justiciable (plaintiffs' memo. p. 16, dkt #56) is meritless. CFB did not rely upon the catch-all phrase in finding plaintiffs ineligible for public funds, and the issue of eligibility is irrelevant to the assessment of penalties for violations of CFB rules, which CFB generally determines during audits after the election. The penalty provisions do not incorporate or refer to Rule 5-01, which is only applicable to the eligibility determination. Thus, CFB cannot apply the catch-all to assess penalties against plaintiffs as part of the audit process.

to challenge Rule 5-01(f) in its amended form. Plaintiffs make no allegation in the complaint that Mr. Liu plans to run for municipal office in the future, noting only that such a run is a possibility. (Complaint ¶ 183) It is therefore completely speculative whether Mr. Liu would ever be subject to the CFB's amended Rule 5-01(f), and plaintiffs lack standing to challenge the revised Rule 5-01(f).

## CONCLUSION

For the foregoing reasons and the reasons set forth in defendants' initial memorandum in support of this motion, the Court should grant the defendants judgment on the pleadings, and dismiss the complaint in its entirety.

Dated:  New York, New York
        November 24, 2015

>                                   ZACHARY W. CARTER
>                                   Corporation Counsel of the
>                                     City of New York
>                                   *Attorney for Defendants*
>                                   100 Church Street, Room 2-110
>                                   New York, New York 10007
>                                   Phone: 212 356 0872
>
>                                   By: _____
>                                       Thomas B. Roberts
>                                       Assistant Corporation Counsel